UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CT-3166-BO

CHAD BUMGARNER, EDMUND GAUD, )
RAYMOND HALL, ROGER HOWELL, )
RANDY JOHNSON, and WAYNE PAYNE )
                                     )
         Plaintiffs,            )
                                       )
         v.                      )        **CONSENT PROTECTIVE ORDER**
                                       )
NORTH CAROLINA DEPARTMENT OF )
CORRECTION, ALVIN W. KELLER, )
ROBERT LEWIS, LAURA YATES, and )
PAULA Y. SMITH,                    )
                                       )
         Defendants.          )

        Plaintiffs Chad Bumgarner, Edmund Gaud, Raymond Hall, Roger Howell, Randy Johnson,

and Wayne Payne (hereinafter "Plaintiffs") and Defendants North Carolina Department of

Correction, Alvin W. Keller, Robert Lewis, Laura Yates, and Paula Y. Smith, (hereinafter

collectively "Defendants") contemplate that certain documents, material, and information that may

be disclosed in the course of this litigation is or may be of a confidential nature. In an effort to

resolve these concerns, the parties recognize that the entry of a protective order is appropriate to

ensure that the documents, materials, and information are not disclosed or used for any purpose

except in connection with this litigation. Accordingly, pursuant to Rule 26(c) of the Federal Rules

of Civil Procedure and upon the agreement of counsel, it is hereby ORDERED that:

        1.        **Scope of the Order.** This Order governs the handling and disclosure of all

documents, materials and information identified, produced, given, exchanged, obtained, or filed

3

herein and designated as "Confidential Information" by any party or witness during discovery and all other pre-trial, trial and post-trial proceedings in this action including, but not limited to, mediation, other alternative dispute resolution processes, and any other settlement proceedings.

2.    **Agreement on Use of Confidential Information.**  All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3.    **"Disclosure".**  When used in this Order, the term "Disclosure" shall mean to communicate, provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4.    **"Confidential Information".**  When used in this Order, the term "Confidential Information" means:

a.    The medical and mental health records generated in the treatment or handling of Plaintiffs Bumgarner (DOC #0497345), Gaud (DOC #0143068), Hall (DOC #0162701), Howell (DOC #0886194), Johnson (DOC #0212178), and Payne (DOC #0316033) during their incarceration within the North Carolina Department of Correction (hereinafter, "NCDOC").

b.    The personnel files, as defined in N.C. Gen. Stat. § 126-22(3), of any of the Defendants maintained by the NCDOC as well as the personnel files of any other employees of the NCDOC who are identified as witnesses or persons with knowledge in the course of discovery by the parties.

c.    The medical and mental health records maintained by the NCDOC for current or former inmates of the NCDOC, other than the medical and mental health records of the named Plaintiffs.

d.    The Inmate Summary Records, Inmate Activity Histories, Health Classification and Considerations, Medical Laboratory Logs, Medical Encounter Logs, NCDOC Offender Information Screens, and Inmate Case Management Notes as recorded and

4

maintained by the NCDOC in the Offender Population Unified System ("OPUS"), an electronic database containing comprehensive inmate records, for current or former inmates of the NCDOC, other than said OPUS records of the named Plaintiffs.

e.    Other documents, materials, or information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Protective Order under Rule 26(c)(1) of the Rules of Civil Procedure.

f.    Other documents, materials, or information that Plaintiff and Defendants agree shall be designated Confidential Information.  If disputes arise regarding the designation of Confidential Information, the parties will bring the matter to the Court's attention for resolution.

5.    **Designation of Confidential Material.**  Designation of material as Confidential

Information shall be made as follows:

a.    In the case of documents furnished by the Designating Party, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

b.    In the case of written discovery responses, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

c.    In the case of deposition transcripts, or portions thereof, by identifying Confidential Information subject to this Order either (i) by stating on the record that portion of the testimony and any exhibits to the testimony are Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within twenty-one days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "CONFIDENTIAL."

5

6.      **Disclosure of Confidential Information.**  The Confidential Information may be revealed only to the attorneys of record, members of the attorneys' staffs, and those persons identified, retained, and deposed as expert witnesses solely for use in this litigation, including pre-trial, trial, and post-trial proceedings.  The attorneys of record, members of the attorneys' staffs, and those persons identified, retained, and deposed as expert witnesses, if any, are prohibited from disclosing any Confidential Information to any other person, except that the Confidential Information may be disclosed to the Court and to the reporter transcribing a deposition or other proceeding involving the Confidential Information.  Counsel shall not provide documents, images, or notes created or prepared pursuant to this Order, or copies thereof, to Plaintiffs, and Plaintiffs shall not be permitted to retain said documents or images or notes or copies thereof.  Specifically, in accordance with the mandates of N.C. Gen. Stat. §§ 148-74 and -76 and *Goble v. Bounds*, 13 N.C. App. 579, 186 S.E.2d 638 (1972),the mental health records generated in the treatment or handling of the named Plaintiffs during their incarceration within the NCDOC and the medical and mental health records maintained by the NCDOC for current or former inmates of the NCDOC shall not be disclosed to the named Plaintiffs nor any class member in any form nor copies provided to the named Plaintiffs or any class member.  Further, any documents furnished by the Defendants and meeting the criteria identified in Paragraphs 4(b) - 4(e) of this Order shall not be disclosed to the named Plaintiffs nor any class member in any form nor copies provided to the named Plaintiffs or class members. However, nothing in this Order shall prevent, or otherwise restrict, counsel from rendering advice to the named Plaintiffs and class members while relying generally on examination of the images created or produced pursuant to or covered by this Order.

6

7.      **Filing with the Court.**  Any Confidential Information filed with the Court shall be filed as provided for by Local Rule 79.2, with the legend "CONFIDENTIAL" written, typed, or stamped on the container in which the Confidential Information is filed.  Any Confidential Information filed under seal may be revealed only upon order of the Court or upon prior written consent of counsel for the Designating Party; however, counsel for the Designating Party may provide to counsel for the Requesting Party a redacted copy of the Confidential Information, if practical.  The Clerk of Court shall maintain all such sealed containers of Confidential Information intact and unopened except as otherwise directed by the Court; however, such information shall be available at all times to the Court and to such persons as are permitted access to Confidential Information under the terms of this Order.

8.      **Authors/Recipients.**  Except as specifically noted herein, this Order shall not limit a Designating Party's use of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

9.      **Return of Confidential Information.**  In accordance with Local Civil Rule 79.2, after the action concludes and all appeals have been completed, Designating Party's counsel is charged with the responsibility of retrieving and maintaining all sealed documents. Requesting Party shall ensure that all copies of Confidential Information provided by the Designating Party remain Confidential after this action concludes in accordance with this Protective Order.  In addition to the provisions for the return of Confidential Information set forth in Local Civil Rule 79.2, following the completion of this litigation, including pre-trial, trial and post-trial proceedings, counsel for the

7

Requesting Party shall insure that all copies of Confidential Information are returned intact to the counsel for the Designating Party along with a written disclosure of the persons to whom such Confidential Information was disclosed including, but not limited to, the person's name, association with this litigation, and reason for disclosure.

10. **Purpose of Order.** This Order is entered solely for the purpose of facilitating the exchange of information between the parties without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) a waiver of confidentiality or any other waiver, including waiver to admission or of objection under the rules of evidence, by any party, or (ii) altering any existing obligation or objection of any party.

8

**IT IS SO ORDERED**, this the 22nd day of September , 2011.

_William A. Webb_ (signature)
_____
William A. Webb
United States Magistrate Judge

**WE CONSENT:**

                                        ROY COOPER
                                        ATTORNEY GENERAL


/s/ Tod M. Leaven                       /s/ Yvonne B. Ricci
Tod M. Leaven (N.C. State Bar. # 41380)  Yvonne B. Ricci (N.C. State Bar # 21641)
North Carolina Prisoner Legal Services, Inc.  Assistant Attorney General
Post Office Box 25397                   North Carolina Department of Justice
Raleigh, NC 27611                       P.O. Box 629
Telephone: (919) 856-2200               Raleigh, NC 27602-0629
Facsimile: (919) 856-2223               Telephone: (919) 716-6500
E-mail: tleaven@ncpls.org               Facsimile: (919) 716-6761
Attorney for Plaintiffs                 E-mail: yricci@ncdoj.gov
                                        Attorney for Defendants

9